IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WALTER HENDERSON HOLLOWAY,

Plaintiff,

vs.

PHONE TECH, BRANDS RECALLED FOR
SHOCKING PEOPLE, SECRETARY OF
STATE, and COURT OF APPEAL'S LIVING
LAWS,

Defendants.

8:22CV259

MEMORANDUM AND ORDER

Plaintiff, a non-prisoner, has failed to comply with multiple Orders of this Court notifying him of the requirement that he must file a signed Complaint.  *See* Filing No. 8; Filing No. 13.  While his failure to comply with this Court's Orders alone renders his Complaint subject to dismissal, allowing Plaintiff additional time to correct the deficiency or otherwise amend would be futile as upon initial review of the Complaint under 28 U.S.C. § 1915(e)(2), the Court finds dismissal of the Complaint is appropriate as frivolous.

## I.  COMPLIANCE WITH COURT ORDERS – COMPLAINT SIGNATURE

On July 18, 2022, the Plaintiff filed his Complaint under 42 U.S.C. § 1983, which Plaintiff signed on the section "For Attorneys" indicating his bar number was "pending." Filing No. 1 at 5.   On July 26, 2022, the Clerk of Court entered a text order that the Complaint was deficient as it did not contain a proper signature and notifying Plaintiff his

Complaint was subject to being stricken if he did not correct the deficiency within 15 days. Filing No. 6 (text order).

Plaintiff then filed a document which was docketed as a supplement to his Complaint on August 8, 2022, that was also unsigned. Filing No. 7. On August 16, 2022, the Court issued a second order instructing the Plaintiff to file a signed copy of his Complaint in accordance with Federal Rule of Civil Procedure 11 and the Court's Local Rules within 30 days or his Complaint may be stricken. Filing No. 8. However, the Court's August 16 Order was returned as undeliverable to the address Plaintiff had listed in his Complaint, Filing No. 9, resulting in the Court's issuance of an Order on August 24, 2022, requiring Plaintiff to update his address with the Court within 30 days or his Complaint would be subject to dismissal without further notice, Filing No. 10.

Plaintiff filed a document on September 7, 2022, titled "Writ of Location of Jurisdiction," referencing the instant case number that did contain his signature, which was docketed as a second supplement to his Complaint. Filing No. 11. The following day he filed a document containing additional narrative and a forwarding address. Filing No. 12. Several days later on September 13, 2022, Plaintiff filed a document docketed as a letter, containing additional narrative apparently relating to his Complaint. Filing No. 14. Upon receipt of his updated address, on September 14, 2022, the Court issued an Order stating: "Plaintiff shall file a signed Complaint in accordance with Federal Rule of Civil Procedure 11 and the Court's Local Rules. This matter cannot proceed until the Complaint is signed. FAILURE TO CORRECT THE DEFECT WILL RESULT IN DISMISSAL OF THE COMPLAINT WITHOUT FURTHER NOTICE." Filing No. 13 at 2.

Since entry of the September 14 Order, Plaintiff filed six documents docketed as correspondence, all of which reference the instant case and contain additional narrative apparently relating to his Complaint, *see* Filing Nos. 15, 16, 17, 19, 20, and 22, and one document responsive to the Order, Filing No. 21.  Plaintiff's Response consists of Plaintiff's handwritten signature, date, and narrative apparently relating to his Complaint, on a copy of the September 14 Order. *Id.*

Rule 11(a) of the Federal Rules of Civil Procedure requires "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11.  Furthermore, any unsigned paper must be stricken by the Court "unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*  To comply with Rule 11(a), a litigant may submit a duplicate containing his signature to remedy noncompliance, see *Becker v. Montgomery*, 532 U.S. 757, 760 (2001), or he may file a signed amended complaint which replaces an original complaint and the operative complaint rendering any omitted signature on the original complaint as moot. *Finan v. Access Care Gen., LLC*, No. 4:21-CV-361 RLW, 2022 WL 605112, at *4–5 (E.D. Mo. Mar. 1, 2022).

Here, although Plaintiff did file what the Court deemed a supplement to his Complaint which was signed by him, he has failed to file a copy of the initial Complaint containing his handwritten signature indicating that he is proceeding *pro se.*  As every paper must contain the handwritten signature of a pro se plaintiff, and as far as the Court can tell, Plaintiff is not an attorney and is not admitted to the Bar of this Court, any document submitted for filing by Plaintiff must contain his handwritten signature as a pro

se litigant.   *See e.g. Potter v. Angel Oak Mortg. Sols., LLC*, No. 4:21CV253-AW-MAF, 2021 WL 4432257, at *1 (N.D. Fla. Aug. 26, 2021), *report and recommendation adopted*, No. 4:21-CV-253-AW-MAF, 2021 WL 4408307 (N.D. Fla. Sept. 27, 2021) (explaining that where a pro se plaintiff is not known to be an attorney licensed in the court's jurisdiction, papers filed that do not contain his handwritten signature as a pro se plaintiff do not comply with Federal Rule of Civil Procedure 11(a)).

As Plaintiff has failed to submit an appropriately signed copy of his Complaint after being ordered to do so on multiple occasions,[1] the Court finds that dismissal is appropriate for failure to comply with this Court's Orders.

## II.  INITIAL REVIEW

### A.  Summary of Complaint

Plaintiff's Complaint, Filing No. 1, is incomprehensible.  Plaintiff utilized a form complaint, checking the boxes for both federal question and diversity of citizenship as the jurisdictional basis for his suit.  *Id.* at 3.  Plaintiff appears to attempt to expound upon his federal question jurisdictional assertions by adding handwritten notes in the "Basis for Jurisdiction" section of the form as follows: "FCC . . . being black or in poverty…Freedom of Speech and Expression, no public telephones, no independent representation as a right to a private conversation, cell phone's do not come with wattage or volts listing.  *Id.* (spelling and capitalization corrected).  The Court construes his claim as alleging neurological damage resulting from the failure of stores who sell cell phones from having "[a] sign in the store of stores that say, DO Not Use in Shower Area, or to be in the rain.

---

[1] The Court also notes that Plaintiff's submission of his signature on this Court's Order requiring him to submit an appropriately signed complaint does nothing towards meeting the requirement that he file a copy of the Complaint signed by him while he proceeds *pro se* as this Court's Order cannot substitute for a signed complaint under Rule 11(a).

Electric Shock can Occur. Place Watt's/Volts or Electric Current on Each Phone Sold."[2] *Id.* at 4. As relief Plaintiff seeks what appears to be $15,000,000[3] for neurological damages and to "return phones at Bus Company Metro to rightful owners[,] aquit use of cell phones in court proceedings, recall all phones to a warning on the label they shock people or pet's." *Id.* (spelling and capitalization corrected).

Plaintiff's supplements are equally incomprehensible. Plaintiff's First Supplement is a narrative regarding working conditions of employees at stores who sell cell phones and solutions for bringing revenue back to the postal system. Filing No. 7. His Second Supplement contains additional narrative regarding the "claims" stated in his Complaint relating to the sales of cell phones and warnings relating to their usage. Filing No. 11. Neither supplement, however, contains any potential basis for this Court's jurisdiction.

To the extent Plaintiff's later-filed correspondence, Filing Nos. 15, 16, 17, 19, 20, and 22, could be considered additional supplements or amendments to his Complaint, Fed. R. Civ. P. 15(a)(1), they are even more unintelligible than the Complaint, consisting of random phrases and documents.

---

[2] While the section labeled Statement of Claim on Plaintiff's form Complaint only contains the quoted language, by reading that section in conjunction with Plaintiff's claim for relief which immediately follows, it appears Plaintiff's claim arises from alleged neurological damages suffered. However, there is no indication who suffered the alleged neurological damage or how the alleged damage relates to his claim. *See* Filing No. 1 at 4.

[3] Of note, Plaintiff does not formally list any dollar amount under the "Amount in Controversy" section of his form Complaint, instead stating: "Pro Bono . . . switching wireless to land lines representation, he or Mega Saver is providing communication when it is not any one stepping forward to do. They need product guidance." Filing No. 1 at 4. However, to the extent Plaintiff later alleges $15,000,000 in damages, the Court finds the amount in controversy requirement is not at issue for diversity jurisdiction purposes. *Kopp v. Kopp,* 280 F.3d 883, 884 (8th Cir.2002) (A "complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction").

**B. Applicable Standard on Initial Review**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

**C. Discussion**

Because this court can identify no federal statutory or constitutional provision that would give rise to a plausible claim for relief against any named defendant, and because Plaintiff's allegations are completely unintelligible and without a factual or legal basis, this

6

action should be dismissed on initial review.[4]  *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))).  Plaintiff will not be granted leave to amend his Complaint because such amendment would be futile.  *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile"); *Filipe v. FBI*, No. 8:18CV215, 2018 WL 11249338, at *1 (D. Neb. June 1, 2018) ("the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading").

### III. CONCLUSION

Allowing Plaintiff additional time to comply with this Court's Orders to cure his deficient Complaint would be futile as upon initial review the Court finds the Complaint is

---

[4] The court notes that other recent actions filed by Plaintiff have been dismissed as frivolous. *See Holloway v. DMV Dep't of Motor Vehicles*, No. 8:19CV326, 2019 WL 3554816 (D. Neb. Aug. 5, 2019)*; Walter H. Holloway v. False Address to Avoid Relief of Court*, Case No. 8:19CV127 (D. Neb. Apr. 19, 2019); *Walter H. Holloway v. Omaha Public Power District, et al.*, Case No. 8:18CV208, 2018 WL 2320644 (D. Neb. May 22, 2018); *Walter H. Holloway v. Maria, et al.*, Case No. 8:18CV135, 2018 WL 11308652 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1806 (8th Cir. Aug. 13, 2018); *Walter H. Holloway v. Maria, et al.*, Case No. 8:18CV108 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1857 (8th Cir. Aug. 13, 2018); *Holloway v. Held Recs. of DMV*, Case No. 8:21CV207, 2021 WL 3287537, at *1 (D. Neb. Aug. 2, 2021); *see also Walter H. Holloway v. MUUD, et al.*, Case No. 8:18CV560 (D. Neb. Jan. 7, 2019) (dismissal for failure to prosecute and to comply with court orders); *Walter H. Holloway v. Omaha Work Staffing, et al.*, Case No. 8:18CV497, 2019 WL 77431 (D. Neb. Jan. 2, 2019) (dismissal for failure to state a claim).

frivolous and summary dismissal with prejudice is appropriate under 28 U.S.C. §
1915(e)(2).

Accordingly, IT IS THEREFORE ORDERED that:

1.      This matter is dismissed with prejudice as frivolous.

2.      In light of the dismissal of Plaintiff's Complaint, the pending motion to
proceed *in forma pauperis*, Filing No. 2, is denied as moot.

3.      The Court will enter judgment by a separate document.


Dated this 21st day of October, 2022.


                                        BY THE COURT:

                                        *Jos F Bataill~*

                                        Joseph F. Bataillon
                                        Senior United States District Judge