IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER HENDERSON HOLLOWAY,<br><br>  Plaintiff,<br><br>vs.<br><br>PHONE TECH, BRANDS RECALLED FOR SHOCKING PEOPLE, SECRETARY OF STATE, and COURT OF APPEAL'S LIVING LAWS,<br><br>  Defendant. | 8:22CV259<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on correspondence from Plaintiff Walter H. Holloway filed on October 21, 2022, October 28, 2022, April 27, 2023, and May 17, 2023, *see* Filing No. 25; Filing No. 26; Filing No. 27; Filing No. 28; Filing No. 29, as well as a motion to extend time filed on May 29, 2023, which this Court liberally construes as seeking to extend time to file his notice of appeal pursuant to Fed. R. App. P. 4(a)(5).

Plaintiff's correspondence is rambling and nonsensical. In his October 28, 2022, correspondence Plaintiff attached a copy of the Court's October 21, 2022, Memorandum and Order and Judgment of dismissal, Filing No. 23 and Filing No. 24, which dismissed the case as frivolous as the Court could not discern what relief, if any, Plaintiff sought, and as Plaintiff failed to comply with Court orders regarding his failure to sign his Complaint. Filing No. 26. In his other correspondence, Plaintiff appears to express frustration about various individuals, businesses, and policies, but, again, the Court cannot discern what relief Plaintiff seeks from the Court and the statements in his correspondence appear delusional and not based in fact or reality. *See, e.g.*, Filing No.

25, Filing No. 27, and Filing No. 28. Accordingly, the Court will take no action on Plaintiff's correspondence.

As previously discussed, on October 21, 2022, the Court entered a Memorandum and Order and Judgment dismissing Plaintiff's Complaint with prejudice as frivolous. Filing No. 23; Filing No. 24. On May 26, 2023, Plaintiff filed his motion for extension. Filing No. 29. Plaintiff did not file a notice of appeal.

Rule 4 of the Federal Rules of Appellate Procedure requires a party to file a notice of appeal within 30 days after the challenged judgment is entered. Fed. R. App. P. 4(a)(1). Rule 4(a)(5) allows a party to move the district court to extend the time to file a notice of appeal if "(a) he moves no more than thirty days after the original thirty day deadline has passed, and (b) he shows good cause." *Pugh v. Minnesota*, 380 Fed. Appx. 558, 559 (8th Cir. 2010); *see also* 28 U.S.C.A. § 2107(c) (West) ("The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause.").

Here, the original thirty-day deadline for Plaintiff to file a notice of appeal expired on November 20, 2022. Under Rule 4(a)(5), Plaintiff needed to file a motion to extend the time to file a notice of appeal in this court by December 20, 2022, for the motion to be timely. Plaintiff's motion to extend was filed on May 26, 2023, and is, thus, untimely by over five months. As such, Plaintiff is not entitled to any extension of the time limits for filing a notice of appeal *See* Fed. R.App. P. 26(b)(1) (court may not extend time to file notice of appeal except as authorized by Rule 4). Therefore, Plaintiff's motion to extend time shall be denied.

Additionally, the Court admonishes Plaintiff to refrain from filing any other materials in this case as this matter is closed. The Court will not take any action on any further correspondence or other documents filed in this case that do not comply with federal and the Court's local pleading rules and do not clearly specify the relief sought. This Court is well aware of Plaintiff's propensity for filing frivolous lawsuits[1] as well as extraneous supplemental pleadings, motions, correspondence, and other materials, which resulted in the Court imposing filing restrictions on Plaintiff on December 17, 2020, limiting him to filing one pro se, in forma pauperis complaint per month. Filing No. 6, Case No. 8:20CV490. Thus, the Court will not expend its limited resources addressing any more of Plaintiff's incomprehensible filings in this, or any other, closed case.

IT IS THEREFORE ORDERED that: The Court will not take any action on Plaintiff's correspondence, Filing No. 25, Filing No. 26, Filing No. 27, Filing No. 28, and denies Plaintiff's motion to extend time to appeal, Filing No. 29. The Court will not take any action on future materials filed in this case that do not comply with pleading rules and do not clearly specify the relief sought. This matter is closed, and Plaintiff shall not file any additional materials in this case.

Dated this 2nd day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[1] Since 2018, Plaintiff has filed at least twenty-three pro se, in forma pauperis cases, none of which has passed initial review under 28 U.S.C. § 1915(e)(2) so as to be able to proceed to service of process. *See, e.g.*, Filing No. 9 at 3 n.2, Case No. 8:21CV207 (listing a sampling of cases dismissed as frivolous).